```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                      COLUMBUS DIVISION
```

| | |
|---|---|
| AUTO-OWNERS INSURANCE COMPANY,   * | |
|     Plaintiff,   * | |
| vs.   * | |
| WAYNE FRIER HOME CENTER OF   * | CASE NO. 4:19-CV-95 (CDL) |
| BYRON LLC, WMT HOUSING LLC, | |
| DONALD MASON, and MARY ANN   * | |
| ARMIJO, | |
|   * | |
|     Defendants. | |
|   * | |

## O R D E R

In this declaratory judgment action, Auto-Owners Insurance Company ("Auto-Owners") asks the Court to find that it does not owe its insured, Wayne Frier Home Center of Byron, LLC ("Wayne Frier"), coverage in an underlying state court lawsuit. In the underlying suit, Donald Mason and Mary Ann Armijo bring claims against Wayne Frier and WMT Housing LLC for negligent design, build, and manufacture of their home. Auto-Owners claims Wayne Frier did not timely notify it of the underlying suit. It, therefore, brought this action in federal court seeking a ruling that it has no duty to defend or indemnify Wayne Frier in the underlying suit based on Wayne Frier's untimely notification and various exclusions in the insurance policy. It named Wayne Frier, WMT Housing, Mason, and Armijo as defendants in this action.

Mason and Armijo were properly served with process, but they did not timely respond to Auto-Owners' complaint and have yet to enter an appearance in this case. *See* Aff. of Service, ECF No. 10-1 (showing Mason was personally served); Aff. of Service, ECF No. 11-1 (showing Armijo was personally served). Therefore, they are in default. Wayne Frier and WMT Housing, however, did respond to the complaint, and they proceeded through discovery. Auto-Owners has moved for summary judgment against all defendants (ECF No. 20). Wayne Frier and WMT Housing do not oppose summary judgment and consent to granting Auto-Owners' requested relief, except they ask that all parties bear their own costs. Auto-Owners has agreed to this stipulation. For these reasons, the Court grants Auto-Owners summary judgment against all defendants and makes the following declaration:

> a. That, under Auto-Owners' First Claim For Relief, Auto-Owners has no duty to defend or indemnify Wayne Frier under the contract of insurance with Auto-Owners to the extent said Defendant breached the policy's notice of occurrence and/or claim provision, which is a condition precedent to coverage;
>
> b. That, under the Second Claim for Relief, Auto-Owners has no duty to defend or indemnify Wayne Frier to the extent Wayne Frier breached the policy's notice of suit provision, which is a condition precedent to coverage;
>
> c. That, under the Third Claim For Relief, Auto-Owners has no duty to defend or indemnify Wayne Frier under the contract of insurance with Auto-Owners for any damages that fall within the expected or intended exclusion;
>
> d. That, under the Fourth Claim For Relief, Auto-Owners has no duty to defend or indemnify Wayne Frier under the contract of insurance with Auto-Owners for any damages

that fall within the assumption of contractual liability exclusion; and

e. That, under the Fifth Claim For Relief, Auto-Owners has no duty to defend or indemnify Wayne Frier under the contract of insurance with Auto-Owners for any damages that fall within the impaired property exclusion.

Judgment shall be entered in favor of Auto-Owners with the parties to bear their own costs.

IT IS SO ORDERED, this 1st day of June, 2020.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA